IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-00976-MSK-CBS

JORGE ALDANA,

    Plaintiff,

v.

CITIFINANCIAL, INC.,

    Defendant.

___

**OPINION AND ORDER GRANTING MOTION TO COMPEL ARBITRATION**
___

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion to Compel Arbitration **(# 12)**, the *pro se*[1] Plaintiff's response **(# 18)**, and the Defendant's reply **(# 19)**.

According to the *pro se* Complaint **(# 3)**, Mr. Aldana was employed by Defendant Citifinancial. He contends that he was denied 27 separate promotions, allegedly because of his sex and national origin. In addition, he contends that he was subjected to a hostile working environment based on his sex and national origin. Finally, he raises a contention that he was constructively discharged following a leave authorized under the Family and Medical Leave Act.

---

[1] In considering the Mr. Aldana's filings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in Mr. Aldana's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve him of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat Mr. Aldana according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Citifinancial moves **(# 12)** to stay this action and compel Mr. Aldana to arbitrate his claims. Citifinancial points out that Mr. Aldana agreed to comply with all policies in the Citifinancial Employee Handbook, including a provision that states:

> arbitration [is] the required and exclusive forum for the resolution of all employment disputes based on legally protected rights . . . that may arise between an employee or former employee and the Company.

In response **(# 18)**, Mr. Aldana does not dispute the contention that his claims are subject to the arbitration clause, but he contends that Citifinancial has waived any right to insist on arbitration because he "requested referrals from Joann Orefice to the Dispute Resolution Center for Arbitration on or around November 2004, August 2005, several times in 2006, October 2007, and several times in early 2008, [but those] requests for arbitration were denied." He cites to several cases for the proposition that a party's refusal to participate in arbitration proceedings constitutes a waiver of the right to demand arbitration.

In reply **(# 19)**, Citifinancial disputes Mr. Aldana's contention that he previously requested arbitration and supplies an affidavit of Ms. Orefice to that effect, argues that questions of waiver are matters for determination by an arbitrator, and argues that the cases cited by Mr. Aldana are inapposite.

The simple question presented is under what circumstances will a party with the right to demand arbitration of a dispute be deemed to have waived that right. The Court first turns to Citifinancial's argument that questions of waiver are to be determined by an arbitrator, not the court. In *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002), the Supreme Court attempted to define the blurry boundary between questions of "substantive arbitrability," which are the sole province of the courts to decide, and "procedural arbitrability" questions which are

properly the province of the arbitrator to decide.

Acknowledging that the labels themselves were an inadequate tool for addressing the question, the Court observed that questions of "arbitrability" to be decided by the court are intended to be the "narrrow circumstance[s] where contracting parties would likely have expected a court to have decided the gateway matter, where they are not likely to have thought that they had agreed that an arbitrator would do so, and, consequently, where reference of the gateway dispute to the court avoids the risk of forcing parties to arbitrate a matter that they may well not have agreed to arbitrate." *Id.* at 83-84. The Court went on to give examples of each type of issue, explaining that questions about whether the contract's arbitration clause bound non-signatories, whether the agreement bound a successor, and whether a particular controversy fell within the terms of the agreement are questions for courts to decide. *Id.* at 84. By contrast, "procedural questions that grow out of the dispute and bear on its final disposition" are matters for an arbitrator – for example, whether steps in a grievance procedure prerequisite to arbitration were complied with. *Id.* In this latter category, the Court observed, fall "allegations of waiver, delay, or a like defense to arbitrability." *Id.*, *citing Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1986).

Despite the Supreme Court's efforts to clarify matters in *Howsam*, the rationale explicated by the Court does little to resolve the dispute in this case. At bottom, the Court's test of "substantive" vs. "procedural" arbitrability turns on "whether the parties expected an arbitrator to decide the question," which provides little practical guidance in the circumstances here. Undoubtedly, the parties anticipated that an arbitrator would decide the kinds of claims Mr. Aldana makes here, but the language of the arbitration agreement itself offers little insight as

to whether the parties also expected that an arbitrator would decide under what circumstances a party might waive the right to demand arbitration. Indeed, there is a particularly troubling recursiveness to the suggestion that parties should go before an arbitrator to determine whether one of them has waived the right to demand that the dispute go before an arbitrator. The trouble with *Howsam* is magnified by its quotation from *Moses H. Cone* that "waiver" is a question of procedural arbitrability for an arbitrator. The quotation appears to be unambiguous and categorical, but neither *Howsam* nor *Moses H. Cone* specifically involved a question of whether a party had waived the right to demand arbitration.

Thus, the Court turns to other cases to clarify the question. In *McWilliams v. Logicon, Inc.*, 143 F.3d 573, 576-77 (10th Cir. 1998), the court considered a question similar to that presented here. There, an employee sued his employer claiming discrimination, and the employer responded by moving to compel arbitration in accordance with the parties' unambiguous agreement. The employee responded that the employer had waived the right to demand arbitration by not having raised the issue earlier – apparently during pre-suit administrative proceedings or negotiations. The court recited several factors it considered in determining whether a party waived its right to enforce an arbitration agreement, which this Court summarizes as: (i) whether the party had taken any action inconsistent with its right to arbitrate; (ii) whether the case had significantly progressed before the demand for arbitration was made; and (iii) whether there was some prejudice to the other party. *Id.* at 576. The court found the employee's allegations of prejudice were conclusory, and concluded that the employer had promptly invoked its right to arbitrate once the litigation was commenced and little, if any, prejudice had resulted from the employer not raising the issue of arbitration in pre-suit

discussions.

Putting aside the issue of the fact that *McWilliams*, falling temporally between *Moses H. Cone* and *Howsam*, this Court observes that, if the question of waiver is one to be resolved by the Court, *McWilliams* provides a useful template for making that determination. Thus, assuming for the moment that *Howsam* does not require the waiver question to be referred to an arbitrator, this Court addresses whether Mr. Aldana has shown, under the *McWilliams* factors, that Citifinancial has waived its right to demand arbitration in this matter.

Taking the *McWilliams* factors in reverse order, the Court notes that Mr. Aldana has not identified any prejudice he would suffer if forced to proceed to arbitration. Indeed, the Court reads Mr. Aldana's response to suggest that Mr. Aldana is not opposed to arbitrating his claims; he simply questions why Citifinancial is eager to arbitrate now when it was not previously. Moreover, the Court finds that Citifinancial did promptly raise a demand for arbitration in this proceeding, having filed its motion as its very first action in this case. Moreover, the Magistrate Judge promptly stayed all proceedings in this case until this issue was resolved, meaning that the case has not yet progressed to the detriment of any party.

The final *McWilliams* factor examines whether Citifinancial has taken any actions that are inconsistent with its right to arbitrate. *McWilliams* does not elaborate on this factor, and the Court will interpret it broadly. The Court understands Mr. Aldana to contend that Citifinancial's refusal to proceed to arbitration upon his numerous requests in the past would constitute such actions. The Court observes that there is a sharp dispute of fact on this point, with Citifinancial vigorously denying Mr. Aldana's contention that he requested arbitration of previous disputes.

This Court declines to attempt to resolve this factual dispute. It finds that, even if

5

Citifinancial refused requests by the Plaintiff to arbitrate previous disputes raised by Mr. Aldana through the company's internal process, that such refusal does not constitute a wholesale refutation of the arbitration procedure. Citifinancial's arbitration policy requires arbitration only where "the dispute is based on legally protected rights (e.g. statutory, contractual, or common-law rights)." It is conceivable that Citifinancial considered Mr. Aldana's previous requests to fall outside that definition – e.g. that it understood him to be challenging the denial of promotions as inconsistent with Citifinancial's internal policies on seniority, or that he simply felt they were "unfair" without specifically contesting that they were in violation of statutory rights. Without compelling evidence indicating that Citifinancial's current insistence on arbitration is fundamentally inconsistent with its prior position, the Court does not find that Citifinancial has waived its right to demand arbitration here.

Accordingly, regardless of whether, as *Howsam* suggests, waiver is an issue to be determined by the arbitrator[2] or whether it is a matter for the Court, the Court concludes that Citifinancial is entitled to compel arbitration in this matter. Citifinancial's Motion to Compel Arbitration **(# 12)** is **GRANTED**. The parties will immediate commence proceedings to arbitrate the claims in this action consistent with the terms of Citifinancial's policies. Pursuant to 9 U.S.C. § 3, this action is **STAYED** until that arbitration is completed. Because the Court does not anticipate the need for further rulings in this action, the Clerk of the Court shall close this

---

[2]The Court expresses no opinion as to whether Mr. Aldana can present a defense of waiver to the arbitrator.

case for administrative purposes, subject to either party moving to reopen it for good cause.

Dated this 12th day of February, 2010

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge